## NEW YORK COMMON PLEAS.

In the Matter of the General Assignment of ROBERT C. WATSON *et al.* to CHARLES D. WELLS.

## *In re* Petition of THE UNION MANUFACTURING COMPANY OF MARYLAND.

*Assignment— By commission merchants, does not carry to assignee the proceeds of sales made strictly on commission nor amounts due from purchasers of goods sold by consignees—Such proceeds however, whether paid over before the assignment is made or due from purchasers, will not be ordered paid to the consignors of the goods sold till the court is satisfied that moneys can be so paid without prejudice to the rights of preferred and general creditors of the assignors— To that end, a reference will be ordered, on application, to ascertain the facts with a view of directing payment to the consignors—Petition for order directing payment to consignors direct— Order of reference—Facts essential for information of the court on such application made by consignors—Notice, to whom given.*

Where a general assignment was made by W. & B., commission merchants,

*In re* Assignment of Watson.

to one W., and it appeared by the petition of The U. M. Co. of Md., that the petitioner had for several years been shipping its goods to the assignors to be sold strictly on commission, the assignors having no interest in the goods sold nor in the proceeds thereof, except such commission as was agreed upon ; and at the time of the assignment by W. & B. they held moneys collected for The U. M. Co. of Md., which they turned over to the assignee, W., and that there were other moneys due from persons to whom sales had been made by W. & B. before their assignment ; the consignors of the goods applied *ex parte* (*i. e.*, notifying the assignee only and not the creditors), to the court by petition, on the facts stated, for an order directing the assignee of W. & B. to pay over the collected moneys, and, also, that the uncollected moneys be paid directly to the consignor of the · goods :

*Held*, that on the facts stated an *ex parte* order should not be granted for the payment of the moneys to the consignors.

*Held*, further, that the general creditors are entitled to a hearing and to inquire into the facts respecting the assignment, its items and the agreement as to the disposition of the proceeds ; that an order of reference to inquire into the facts and provide that all creditors whose names appear on the assignee's books be at liberty to appear and contest the right of the consignors to follow the proceeds of the goods sold by the assignors.

Where the facts on the report of the referee satisfy the court of the correctness of the allegations in the petition, and it appears that the sales made by the consignees were strictly on commission, the proceeds, less commissions, belonging to the consignor under the agreement between the commission merchants and the manufacturers, will be directed to be turned· over to the petitioner by the assignee and purchasers of the goods in question.  [See note at end of case.]

*Special Term, December,* 1885.

MOTION on behalf of The Union Manufacturing Company of Maryland to compel Charles D. Wells, assignee of Watson & Bartholow, to pay over certain moneys and to assign other ·claims.

The Union Manufacturing Company of Maryland, a manufacturing corporation organized under the laws of the state of Maryland, consigned its goods for many years prior to November 9, 1885, to Watson & Bartholow, commission merchants of the city of New York.

In November of that year, Watson & Bartholow made a general assignment with preferences for the benefit of their credit-

*In re* Assignment of Watson.

·ors. Charles D. Wells was their assignee. At the time of the assignment The Union Manufacturing Company of Maryland claimed that certain goods previously consigned to Watson & Bartholow were consigned under a specific agreement between the parties that the consignees had not and were not to have any interest in the proceeds of such sales, except only commissions.

Application was made by petition, on behalf of The Union Manufacturing Company, to his honor judge VAN HOESEN, sitting at chambers, for an order directing payment by the assignee of moneys the proceeds of alleged sales by the assignors; also, that moneys which had never been paid to the assignors, but shown due by their books for consigned goods be paid by the purchasers directly to the petitioner and that the assignee assign such claims to the petitioner. No notice was given to any of the creditors of this application; but the assignee had notice.

· *Chauncey B. Ripley*, for petitioner.

*W. J. Osborne*, for assignee.

VAN HOESEN, *J.*— On these papers I cannot make an *ex parte* order for the payment of these moneys to the consignors represented by Mr. Ripley. The general creditors are entitled to a hearing and to inquire into the facts respecting the assignment, its items and the agreement as to the disposition of the proceeds. It would never answer to allow the estate of every commission merchant to be absorbed by the consignors of goods, without giving general creditors an opportunity to be heard. I will make an order of reference to inquire into the facts, and provide that all creditors whose names appear on the assignee's books be at liberty to appear and contest the right of the consignors to follow the proceeds of the goods sold by the assignors.

NOTE. — After the foregoing opinion was filed an order was made and entered by the same judge (VAN HOESEN) directing that it be referred to John Whalen, Esq., "to inquire into the facts respecting the matters set

forth in the petition regarding the claims of the petitioner, The Union Manu-
facturing Company of Maryland, for the information of the court, and report.
all facts necessary to enable the court to determine whether, with equal jus-
tice to all other creditors, the petitioner is entitled at once to the several
amounts he claims in his petition ; allowing all the creditors of the estate to ·
appear and contest the claims ; and that notice of the hearing be given to the ·
preferred creditors and to at least ten of the unpreferred creditors whose
names appear on the assignee's books.   Five days' notice in writing, to be ·
given to such creditors and the underwriting of the referee fully and clearly
to state the nature of the petitioner's application, the object of the reference ;
the creditors to be at liberty to appear and contest."

The referee reported in favor of granting the petition.   His report was
subsequently (5th March, 1886) confirmed by ALLEN, J.— [ED.